UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cr-21 |
| | ) | |
| TEDDIA CALDWELL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Severance of Counts [DE 551] filed by the defendant, Teddia Caldwell, on November 2, 2020. For the reasons set forth below, the motion is **DENIED**.

*Background*

The defendant, Teddia Caldwell, is charged in a 15 count Second Superseding Indictment along with four other defendants. Count 1 alleges that Caldwell and the other defendants engaged in a conspiracy to distribute narcotics. Counts 2 through 13 allege various substantive drug and firearm offenses. Count 14 alleges that Caldwell and one other defendant committed a murder in furtherance of the drug conspiracy. Count 15 alleges that Caldwell and the two other defendants committed a second murder in furtherance of the drug conspiracy.

In the pending motion, Caldwell asks to have the murder charges severed from the remaining counts of the indictment. He states, without providing any details, that he has exculpatory evidence relating to the homicide charges but that he intends to exercise his right to remain silent with respect the narcotics charges. In a cursory fashion, he also alleges that the

evidence relating to the narcotics transactions will have a spillover effect on the homicide charges.

*Discussion*

**Federal Rule of Criminal Procedure 8(b)** provides that an indictment may charge "2 or more the defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  "[T]here is a presumption that participants in a conspiracy or other criminal schemes should be tried together, not only to economize judicial and prosecutorial resources but also to give the jury a fuller of the scheme." *U.S. v. Cardena*, 852 F.3d 959, 980-81 (7th Cir. 2016) (quoting *U.S. v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001)).

However, **Federal Rule of Criminal Procedure 14(a)** recognizes that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice the defendant or government, the court may … sever the defendants' trials."  Although the issue is committed to the sound discretion of the trial court, severance is generally appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence." *Zafiro v. U.S.*, 506 U.S. 534, 539 (1993).  District judges have "wide discretion in determining when the prejudice of joinder outweighs the benefits of a single trial." *U.S. v. Carrillo*, 434 F.3d 767, 778 (7th Cir. 2006).  Where the same evidence could be admissible against the defendant in separate trials, the defendant cannot demonstrate any prejudicial effect from a single trial. *U.S. v. Warner*, 498 F.3d 666, 701 (7th Cir. 2007); *U.S. v. Smith*, 308 F.3d 726, 736 (7th Cir. 2002); *U.S. v. Hardin*, 209 F.3d 652, 654 (7th Cir. 2000).

Caldwell has made a perfunctory argument concerning prejudice from the spillover effect of the drug charges. However, the two homicide charges are alleged to have been committed as part of the drug conspiracy. Therefore, even if the homicide charges were tried separately, the Government still would introduce evidence concerning the narcotics conspiracy. Therefore, Caldwell cannot demonstrate prejudice from a trial which includes all of the pending charges.

The primary argument raised by Caldwell is that he cannot testify as to the two homicide charges if tried jointly with the narcotics charges. In *U.S. v. Freland*, 141 F.3d 1223 (7th Cir. 1998), the defendant was charged with two separate bank robberies. Prior to trial, he requested a severance and alleged that he intended to testify concerning one of the bank robberies but not the other. In affirming the district court's decision to deny the motion for severance, the court stated:

> [S]everance is not mandatory every time a defendant wishes to testify to one charge but remain silent on another. However, severance is necessary if the defendant makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying as to the other counts. (citations and quotations omitted).
>
> 141 F.3d at 1227.

See also *U.S. v. Archer*, 843 F.2d 1019, 1021 (7th Cir. 1988).

Caldwell's argument fails for two reasons. First, he has not provided any details of his proposed testimony relating to the murder charges. The unsupported allegation that he prefers to remain silent on the narcotics charges but has exculpatory information on the homicide charges is not sufficient to support a severance. Second, as previously stated, the indictment has alleged the homicides were committed pursuant to the narcotics conspiracy. Therefore, the Government would be entitled to present evidence supporting the narcotics allegations against Caldwell and

3

the other defendants. Caldwell would not be able to tailor his testimony in a manner which prevented cross-examination concerning his alleged narcotics activities.

For the foregoing reasons, the Motion for Severance of Counts [DE 551] filed by the defendant, Teddia Caldwell, on November 2, 2020 is **DENIED**.

ENTERED this 8th day of December, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge